UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>            v.<br><br>BRAD HARE<br>AND<br>MAMMOTH WEST CORPORATION,<br><br>                              Defendants. | No. 24-cv-12134 |

**FINAL JUDGMENT AS TO DEFENDANT BRAD HARE**

The U.S. Securities and Exchange Commission ("Commission") having filed a

Complaint and Defendant Brad Hare ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV);

waived findings of fact and conclusions of law; and waived any right to appeal from this Final

Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)(1)], as a dealer [15

U.S.C. § 78c(a)(5)], by making use of the mails or any means or instrumentality of interstate

commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of,

any security (other than an exempted security pursuant to 17 C.F.R. § 240.15a-2 or commercial paper, bankers' acceptances, or commercial bills) while engaged in and pursuant to the regular business of buying and selling securities (not including security-based swaps, other than security-based swaps with or for persons that are not eligible contract participants) for his own account through a broker or otherwise unless the Defendant is registered with the Commission as a dealer in accordance with Exchange Act Section 15(b) or unless he is associated with a broker-dealer that is so registered.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for a period of five years from the date of entry of this Final Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)]. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $438,932, gained as a result of the conduct alleged in the Complaint,

together with prejudgment interest thereon in the amount of $70,006 pursuant to Exchange Act

Sections 21(d)(5) and 21(d)(7) [15 U.S.C. §§ 78u(d)(5) and (d)(7)].  The Court finds that sending

the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable

principles.  The Court further imposes  a civil penalty in the amount of $43,890 pursuant to

Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)], for a total of $552,828.  Defendant shall

satisfy these obligation(s) by paying $552,828 to the Securities and Exchange Commission

within 30 days after entry of this Final Judgment.

    Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Hare as a defendant in this action; and specifying that payment is made pursuant to

this Final Judgment.

    Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action by email to Andrew Elliott,

Senior Counsel, elliottan@sec.gov, and Davis Oliver, Trial Attorney, OliverP@sec.gov.  By

making this payment, Defendant relinquishes all legal and equitable right, title, and interest in

such funds and no part of the funds shall be returned to Defendant.  The Commission shall send

the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  12/3/24

_____
Georgia N. Alexakis
UNITED STATES DISTRICT JUDGE